UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| LUIS OMAR LOZANO-ESPARZA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN R. RICOLLI,<br><br>Respondent. | Case No. 5:24-cv-01995-MCS (DTB)<br><br>**ORDER TO SHOW CAUSE REGARDING LACK OF PROSECUTION** |

On September 16, 2024, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") (Docket No. 1), along with a Declaration in Support of Request to Proceed in Forma Pauperis ("IFP Application") (Docket No. 2).  On September 27, 2024, the ruling on Petitioner's IFP Application was postponed as Petitioner failed to submit sufficient information for the Court to rule.  Specifically, pursuant to Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts, which applies to this Section 2241 proceeding, see Pinson v. Carvajal, 69 F.4th 1059, 1065 (9th Cir. 2023), Petitioner was required to sign the Petition under penalty of perjury.  Petitioner failed to sign the Petition or his IFP Application and he was advised that his filings were subject to being stricken.  Fed. R. Civ. P. 11(a).

1

Petitioner was ordered, within 30 days of the Court's Order, to file a signed habeas petition and request to proceed in forma pauperis. Petitioner was warned that his failure to comply with the Court's Order, within 30 days, would result in this case being dismissed without prejudice.

On October 18, 2024, rather than filing a signed request to proceed in forma pauperis, Petitioner paid the $5.00 filing fee. (Docket No. 9). As such, on October 23, 2024, the Court denied Petitioner's IFP Application. (Docket No. 10). On November 15, 2024, as Petitioner had not filed a signed habeas petition within the allotted time, the Court, on its own motion, *sua sponte*, extended Petitioner's time up to and including December 5, 2024, within which to file a signed habeas petition. (Docket No. 11). Petitioner was forewarned that if he failed to file a signed habeas petition within the allotted time, this matter would be subject to dismissal without prejudice. On December 18, 2024, as Petitioner has not filed a signed habeas petition, the Court issued an Order to Show Cause re Failure to Prosecute. (Docket No. 12). On December 30, 2024, Petitioner filed his Response to the Order to Show Cause re Failure to Prosecute. (Docket No. 13). In light of Petitioner's Response, on January 6, 2025, the Court discharged the Order to Show Cause re Failure to Prosecute. (Docket No. 14).

On the same date, the Court issued its Order Requiring Response to Petition. (Docket No. 15). On April 2, 2025, Respondent appeared, filing a Motion to Dismiss the Petition ("Motion"). (Docket No. 17). In accordance with the Court's Order Requiring Response to Petition for Writ of Habeas Corpus (Docket No. 15), Petitioner's Opposition to the Motion was due on or before May 2, 2025. As Petitioner had failed to file an Opposition, on May 16, 2025, the Court's extended Petitioner's time up to and including **June 16, 2025**, within which to file an Opposition. Petitioner was admonished that pursuant to Central District of California Local Rule 7-12 - *Failure to File Required Documents* - the Court may

decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the Motion.

However, on June 2, 2025, the Court received its May 16, 2025 Minute Order returned from the institution marked as "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (Docket No. 19).

Pro se litigants are required to keep the Court and opposing parties apprised of their current address. Central District of California Local Rule 41-6. Therefore, Petitioner is ordered to show cause why this action should not be dismissed for lack of prosecution and failing to comply with the Court's Local Rules. Petitioner may alternatively file a Notice of Change of Address as well as an Opposition to the Motion to discharge this Order to Show Cause. Petitioner's response is due no later than **July 14, 2025.**

**Petitioner is hereby cautioned that failing to comply with this Order will result in the recommendation that this action be dismissed for failure to prosecute and failure to comply with the Court's Order.**

Dated: June 13, 2025

_____
DAVID T. BRISTOW
United States Magistrate Judge

3